UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CORRIE HORAN individually and as parent of O.D., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00794-JPH-TAB ) |
| BOARD OF SCHOOL COMMISSIONERS FOR THE CITY OF INDIANAPOLIS d/b/a/ Indianapolis Public Schools, ALEESIA JOHNSON Superintendent, individually and in her official capacity, MARY KAPCOE Principal, individually and in her official capacity, FINAE RENT Vice Principal, individually and in her official capacity, JULIOUS JOHNICAN Teacher, individually and in his official capacity, PARDEEP DAHLIWAL Substitute Teacher, individually and in her official capacity, ANTHONY BIGBY IPS Behavioral Consultant, individually and in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER ON DEFENDANT JULIOUS JOHNICAN'S
MOTION FOR STAY OF PROCEEDINGS**

I.   **Introduction**

Defendant Julious Johnican asks the Court to stay this matter until criminal proceedings against him in state court have concluded. [Filing No. 26.] Plaintiff Corrie Horan objects to the request for a stay and further notes that it is not clear whether Johnican is seeking to stay the entire case or only as to the proceedings related to him. [Filing No. 39, at ECF p. 2.] There is no reason to stay this entire case, but for the reasons explained below, Johnican's motion for a stay is granted in part as it relates to written discovery requests and depositions of Johnican specifically.

## II. Background

This case concerns multiple incidents of alleged abuse and discrimination of O.D., a seven-year-old special needs child, while in the care of Defendants, including Johnican when he was teaching at IPS George Washington Carver Montessori No. 87. [Filing No. 1-3.] Plaintiff's complaint alleges three causes of action under 42 U.S.C. § 1983 against Johnican, specifically Fourteenth Amendment due process claims and other state and federal claims. [Filing No. 1-3.] On May 29, 2024, the Marion County Prosecutor's Office filed criminal charges against Johnican. [Filing No. 26, at ECF p. 2.] On July 1, 2024, Johnican moved for a stay of these proceedings until his criminal proceedings have concluded. [Filing No. 26.] Plaintiff opposes the motion to stay. [Filing No. 39.] This matter now pends.

## III. Discussion

Johnican argues that until his criminal proceedings in Marion County have concluded, this matter should be stayed. [Filing No. 26, at ECF p. 2.] Plaintiff objects and contends that it is not clear whether Johnican is seeking to stay the entire case, or whether he seeks a partial stay of proceedings only as to the proceedings related to him. [Filing No. 39, at ECF p. 2.] At times, Johnican states that the matter should be stayed as to him or "at least" as to him, but then he also raises arguments claiming that the other Defendants would be impacted without a stay, which seems to indicate a request to stay the entire case. [Filing No. 26, at ECF p. 3-5.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). "While the Court has the inherent power to stay its proceedings, the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings." *Jones v. City of*

*Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003). Instead, the Court examines the specific circumstances and competing interests involved, weighing various factors, including: (1) the extent to which the issues in the criminal case overlap with the issues in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by delay; (4) the private interests of the defendants; (5) judicial efficiency and the interests of the courts; and (6) the public interest. *See, e.g., Estate of Whitfield v. City of Indianapolis*, No. 1:22-cv-01246-SEB-MJD, 2023 WL 4493305, at *2 (S.D. Ind. June 1, 2023).

    The first factor weighs in favor of a stay as to Johnican, as the issues in the criminal proceedings and civil case are largely identical. The second factor—the status of the criminal case—also weighs in favor of a stay, given that Johnican has been indicted.

    As for the third factor, the private interest of Plaintiff in bringing this case to a resolution expeditiously, Johnican argues that Plaintiff will not be prejudiced by a stay. [Filing No. 26, at ECF p. 3.] In contrast, Plaintiff argues that she has a significant interest in proceeding expeditiously because Plainitiff's case relies on the discovery of critical information from Johnican, including production of Johnican's cell phone, which is believed to be in the custody of the Marion County prosecutor. [Filing No. 39, at ECF p. 3.] Plaintiff argues that this device is pivotal because it is expected to hold additional evidence, including additional abuse, discriminatory practices, and the environment within Johnican's classroom, all integral to the merits of this civil case. [Filing No. 39, at ECF p. 4.] Furthermore, while Johnican notes that this case was only recently removed to this Court and no trial date is currently set in this civil matter, Plaintiff similarly points out that a trial date for the criminal matter has also not yet been set. [Filing No. 26, at ECF p. 3; Filing No. 39, at ECF p. 4.] This factor weighs against a stay.

3

The private interest of Defendants, the fourth factor, weighs partly in favor of a stay, at least as to Johnican. Johnican notes that many courts faced with similar circumstances have stayed the civil proceedings, including this one. *See, e.g.,* Marginal Entry, *Johnson v. Consolidated City of Indianapolis, et al*, No. 1:23-cv-00541-JRS-TAB (S.D. Ind. Nov. 13, 2023), at ECF No. 51(granting stay as to one defendant only); Order on Motion to Stay Proceedings, *Estate of Herman Whitfield, III v. City of Indianapolis, et al*, No. 1:22-cv-01246, 2023 WL 4493305, at *3 (S.D. Ind. July 1, 2023) (allowing stay, in part, during pending criminal proceedings against two named defendants as to written discovery and depositions, but ordering all other discovery to proceed); *Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 761-63 (D. Minn. 2018) (finding stay of civil litigation during criminal proceedings warranted). Johnican claims that he will be prejudiced by the denial of a stay, although his remedy is to assert his Fifth Amendment right against self-incrimination. As for the remaining Defendants, Johnican claims that the Indianapolis Public School Defendants would also be prejudiced if a stay is not granted and Johnican exercises his Fifth Amendment privilege. [Filing No. 41, at ECF p. 3.] However, no other Defendants responded to Johnican's motion or asked to stay this matter.

As for factors five and six, the interests of the Court and the public are largely neutral at this point in time. Taking into consideration all six factors, there is no basis to stay the entire case. The remaining Defendants have not presented any argument for a stay, and Plaintiff would be prejudiced if this case went to a complete standstill. Accordingly, discovery against the remaining Defendants—and any non-parties, if so requested—should proceed.

However, the factors do weigh in favor of a stay as to Defendant Johnican as to written discovery or depositions where he would have to consider whether to invoke his Fifth Amendment right against self-incrimination, which could be used as an adverse inference against

4

him in this case. *See, e.g., Robinson v. Peck*, No. 2:22-CV-131, 2023 WL 2596729, at *2 (N.D. Ind. Mar. 22, 2023) ("At the onset, absent a stay of proceedings in this case, Peck surely will have to decide whether to claim the privilege against self-incrimination or respond to written discovery requests and questioning at a deposition. If Peck does in fact decide to invoke the privilege, he runs the risk that doing so will be used as the basis for an adverse inference against him in this case, a practice the Fifth Amendment does not prohibit.") Therefore, Johnican's request for a stay is granted in part until after the criminal proceedings against him are resolved. However, this does not implicate Plaintiff's ability to seek discovery from the remaining Defendants or non-parties, including the Marion County Prosecutor's Office.

### IV.   Conclusion

Accordingly, Johnican's motion for stay of proceedings is granted in part, to the extent that no written discovery may be served on Johnican and his deposition may not be taken until the criminal matter has resolved. [Filing No. 26.]

Date: 8/19/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email