UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CORRIE HORAN individually and as parent of O.D., a minor, </br></br>  Plaintiff, </br></br> v. </br></br> BOARD OF SCHOOL COMMISSIONERS FOR THE CITY OF INDIANAPOLIS d/b/a/ Indianapolis Public Schools, *et al*, </br></br>  Defendants. | No. 1:24-cv-00794-JPH-TAB |

## ORDER ON DEFENDANT JULIOUS JOHNICAN'S MOTION FOR PROTECTIVE ORDER

**I.  Introduction**

This case involves allegations of abuse and discrimination of O.D., a seven-year-old special needs child, while in the care of Defendants, including Defendant Julious Johnican when he was a teacher at IPS George Washington Carver Montessori No. 87.  Johnican seeks a Court order enjoining Plaintiff Corrie Horan and her counsel from discussing this matter on social media.  [Filing No. 42.]  Johnican claims that Plaintiff's counsel failed to remove an inflammatory post from her firm's Facebook page, despite this litigation and a pending felony case against Johnican in Marion County state court based on the same underlying allegations with O.D.  Plaintiff opposes Johnican's motion and characterizes it as, in essence, "a motion for a gag order."  [Filing No. 51, at ECF p. 1.]  The Court agrees that Johnican has not demonstrated that such an extraordinary remedy is necessary.  Accordingly, for reasons explained below, Johnican's motion for a protective order is denied.

## II. Background

Plaintiff alleges that in the fall of 2023, while O.D. was a second grader, his teacher, Johnican, orchestrated a "fight club" type of discipline, which led to abuse and discrimination of O.D. while in his care. [Filing No. 1.] In April 2024, Plaintiff initiated this civil action in Marion County state court against multiple Defendants, including IPS and Johnican. [Filing No. 1, at ECF p. 42.] Defendants then removed the matter to this Court. [Filing No. 1.] On May 29, 2024, the Marion County Prosecutor's Office filed criminal charges against Johnican for neglect of a dependent, a level 6 felony. [Filing No. 39, at ECF p. 2.]

On June 25, 2024, news outlet WFYI Indianapolis published an article titled: "No one told state education officials about alleged abuse by an IPS teacher. And no law requires it." Lee V. Gaines, *No one told state education officials about alleged abuse by an IPS teacher. And no law requires it*, WFYI Indianapolis, June 25, 2024, https://www.wfyi.org/news/articles/no-one-told-state-education-officials-about-the-alleged-abuse-by-an-ips-teacher-and-no-law-requires-it. That same day, Plaintiff's counsel, Tammy Meyer, a partner at Metzer Rosta, LLP, shared the article on the Metzer Rosta law firm's Facebook page. [Filing No. 42-1.] Meyer's post included the following commentary regarding this case:

> IPS, School 87, teacher Julius [sic] Johnican, DCS and the Indiana Department of Education all failed this child. They must be held accountable. Why does it take a civil lawsuit and media attention for all to be held accountable? The system is broken and in need of a deep cleaning from the top down. Changing the law is great, but the laws must be enforced. No one has yet to accept responsibility. Instead, everyone involved is pointing the finger. It is the family's hope that change will be swift and no other child will be subjected to this abuse.

[Filing No. 42-1.]

Johnican's counsel, Caren Pollack, emailed Meyer with concerns about her Facebook post and asked her to remove it. [Filing No. 42-2.] Pollack's email mentioned she hoped to avoid

2

having to inform the Indiana Supreme Court Disciplinary Commission of Meyer's alleged violation of the Rules of Professional Conduct through her post.  [Filing No. 42-2.]  In response, Meyer replied that her post does not violate the Rules of Professional Conduct, though "the threats that you have been making certainly do.  I will leave it at that."  [Filing No. 42-3.]  Meyer did not remove the post, and the parties indicate it is still on Metzger Rosta's Facebook page.[1]

On July 1, 2024, Defendant Johnican moved to stay these proceedings because he is facing criminal charges.  [Filing No. 26.]  The Court ultimately granted his motion in part, to the extent that no written discovery may be served on Johnican and his deposition may not be taken until the criminal matter has resolved.  [Filing No. 50.]  Johnican also filed a motion for emergency hearing; however, the motion failed to state the "emergency" or why an urgent hearing was needed.  [Filing No. 27, at ECF p. 1.]  After having to vacate and reset the hearing multiple times at counsel's request, the Court held a telephonic status conference with the parties on July 18, 2024.  [Filing No. 38.]  At that conference, Pollack mentioned the Facebook post in question and her concerns.  The Court instructed Johnican's counsel that if she wished to pursue this matter further, she could file a motion for protective order, but the Court stated it would not be taking any action on the matter based on the status conference.  Two weeks later, on July 31, 2024, Johnican filed a motion for protective order, which is now before the Court.  [Filing No. 42.]

---

[1] Meyer's co-counsel, Catherine Michael, also made a public post about the incident, although Johnican says it was less provocative and not the subject of Johnican's concern.  [Filing No. 42, at ECF p. 3.]  Johnican claims Michael immediately removed her public post.  However, Plaintiff states that neither Michael nor Meyer have altered or removed any online postings.  [Filing No. 51, at ECF p. 2.]

### III. Discussion

Johnican asks the Court to enter an order "enjoining Plaintiff and her counsel from discussing this matter on social media or sharing their thoughts regarding the matter with the media[.]" [Filing No. 42, at ECF p. 7.] "In the Seventh Circuit, a trial court can limit a party's and their attorney's exercise of first amendment right of freedom of speech only where the record contains sufficient specific findings that the party's and their attorney's conduct poses a 'serious and imminent threat to the administration of justice." *Davis v. Carmel Clay Schools*, No. 1:11-cv-00771-SEB-MJD, 2012 WL 1203332, at *1 (S.D. Ind. Apr. 9, 2012) (*quoting Robson v. United States*, 435 F.2d 1059, 1061 (7th Cir. 1970)).

Johnican cites to a Northern District of Illinois decision, *United States v. Calabrese*, No. 02 CR 1050, 2007 WL 2075630 (N.D. Ill. July 13, 2007), as support for his request for a protective order. In *Calabrese*, the Court held that the publicity generated by the case posed dangers to the parties' ability to receive a fair trial, so the Court ordered the parties and counsel to refrain from making extrajudicial statements regarding the merits of the case during the pendency of the trial. *Id*. at *1. However, the facts and circumstances were vastly different in *Calabrese*, which arose from statements made during the pendency of a criminal trial and was based at least in part on inappropriate actions that had already taken place, such as unauthorized disclosure to the media of sensitive information from sealed records. *Id*. at *2.

In contrast to *Calabrese*, this civil case is still in the beginning stages, and no trial date has been set yet. Johnican acknowledges that the parties are not yet in trial, but argues that "the very real danger of prejudice to Johnican's defense, both in the criminal and civil cases, exists." [Filing No. 42, at ECF p. 5.] This argument is based on conjecture and speculation rather than on concrete facts. The First Amendment strongly protects the right to free speech, particularly on

4

matters of public concern. The social media statements by Plaintiff's counsel are merely expressions of opinion on a broader issue of public concern regarding accountability within the educational system. These statements do not touch upon specific evidentiary details, confidential information, or any matter that could prejudice the facts in dispute or improperly influence the impartiality of potential jurors. Thus, the concerns Pollack has raised regarding Meyer's Facebook commentary on a news article can be managed by the trial judge, if necessary.

The present case is more like *Davis*, where this Court found that the defendant had not shown the requisite "serious and imminent threat" that warranted the entry of a protective order prohibiting the parties and their attorneys from making comments about the merits of the case to the media. *Davis*, No. 1:11-cv-00771-SEB-MJD, 2021 WL 1203332 at *2. Johnican's motion seeks an extraordinary remedy that would impose an unjustified restriction on Meyer's constitutionally protected right to free speech on matters of significant public concern, including the accountability and safety practices within the public school system and a public matter involving a civil case against various Defendants, including a school system. Johnican has not met the rigorous standards required to justify such a restriction or provided any evidence that the statements by Plaintiff's counsel pose a "serious and imminent threat" to the judicial process in either the criminal or civil contexts. *See, e.g., Coomer v. Noel*, 4:22-cv-00079-TWP-KMB, 2023 WL 1862617, at *2 (S.D. Ind. Feb. 9, 2023) ("Here, the Court cannot conclude on the record before it that the comments made pose a serious and imminent threat of interference to the administration of justice such that the Court must issue the protective order [the defendant] seeks.").

Moreover, a protective order limiting counsel from making any public statements regarding a case or discussing this matter on social media would be impermissibly broad under

5

the Seventh Circuit's "serious and imminent threat" standard. In such cases, courts have found that Professional Rule of Conduct 3.6 is sufficient to govern the conduct of counsel. *Davis*, *id.* *See also Dillinger v. Brandt*, No. 1:20-cv-2257-JMS-DLP, 2020 WL 5642182, at *3 (S.D. Ind. Sept. 22, 2020) ("[A]lthough the Court at this time will not go so far as to silence or restrain the speech of anyone involved in this litigation, it is worth emphasizing that all attorneys practicing before this Court are expected to comply at all times with both the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct.").

Johnican's counsel, Pollack, referenced Indiana Rule of Professional Conduct 3.6 and stated to Plaintiff's counsel, Meyer, that she "hope[s] to avoid having to inform the Indiana Supreme Court Disciplinary Commission." [Filing No. 42-2.] The Court does not see any reason to refer this matter to the Disciplinary Commission. Meyer's post in question—however ill advised—does not disclose confidential information, nor does it appear to present any material risk of prejudicing the judicial process or attempting to sway the outcome of a trial. Johnican's counsel may pursue a complaint on her own accord if she thinks doing so is justified, but the Court declines to take any action.

### IV.     Conclusion

For all these reasons, Johnican's motion for protective order [Filing No. 42] is denied.

Date: 9/25/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

6